**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MINKUS ELECTRONIC DISPLAY SYSTEMS INC.,

        Plaintiff,

        v.

ADAPTIVE MICRO SYSTEMS LLC, ADVANCE DISPLAY TECHNOLOGIES, INC., ADTI MEDIA LLC, AMI ENTERTAINMENT NETWORK, INC., ARISTOCRAT LEISURE LTD., ARISTOCRAT TECHNOLOGIES, INC., AUTOCOMM, INC., BARCO, N.V., BARCO, INC., BARCO FEDERAL SYSTEMS, LLC, BROADSIGN INTERNATIONAL, INC., C-NARIO, LTD., C-NARIO, INC., CAPTIVATE NETWORK, INC., CAYIN TECHNOLOGY CO., LTD., D3 LED, LLC, DYNAMAX TECHNOLOGIES LTD., E-CAST, INC., HELIUS, LLC, JCDECAUX NORTH AMERICA, INC., JCDECAUX SA, LAMAR ADVERTISING CO., LAMAR MEDIA CORP., LSI INDUSTRIES, INC., THE MEDIATILE CO., MONSTER MEDIA, LLC, OMNIVEX CORP., OPTO TECH CORP., PLANAR SYSTEMS, INC., PREMIER RETAIL NETWORKS, INC., SCALA, INC., STRATACACHE, INC., TIROMEDIA, LLC, TITAN OUTDOOR HOLDINGS, INC., TRANS-LUX CORP., TRANS-LUX MIDWEST CORP., TRANS-LUX COMMERCIAL, WIRESPRING TECHNOLOGIES, INC., YCD MULTIMEDIA, INC.,

        Defendants.

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

C.A. No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

1.    Plaintiff Minkus Electronic Display Systems Inc., by and through its undersigned attorneys, allege as follows:

## NATURE OF THE ACTION

2.　　This is a civil action for infringement of United States Patent No. 5,309,174.  This action arises under the laws of the United States relating to patents, including 35 U.S.C. § 281.

## JURISDICTION AND VENUE

3.　　This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101 *et seq.*

4.　　Venue properly lies within the District of Delaware pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c) and (d) and 28 U.S.C. § 1400(b).  Defendants conduct substantial business in this District and have committed and continue to commit acts of infringement in this District.  Furthermore, Plaintiff Minkus Electronic Display Systems Inc. is incorporated in Delaware, as are multiple Defendants.

5.　　This Court has personal jurisdiction over Defendants because Defendants transact business, including the sale and offering for sale of its products, in the District of Delaware and have sufficient contacts with this District to subject Defendants to personal jurisdiction.

## THE PARTIES

6.　　Plaintiff Minkus Electronic Display Systems Inc. ("Minkus EDS") is a Delaware corporation with its principal place of business at 2711 Centerville Road, Suite 400, Wilmington, Deleware 19808.

7.　　On information and belief, Defendant Adaptive Micro Systems LLC ("AMS") is a limited liability company organized and existing under the laws of Wisconsin, having a principal place of business at 7840 N. 86th Street, Milwaukee, Wisconsin 53224.

8.　　On information and belief, Defendant Advance Display Technologies, Inc. ("ADT") is a corporation organized and existing under the laws of Colorado, having a principal place of business at 7334 S. Alton Way, Suite F, Centennial, Colorado 80112-2320.

2

9. On information and belief, Defendant ADTI Media LLC ("ADTI") is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 42230 Zevo Drive, Temecula, California 92590-4446.

10. On information and belief, Defendant AMI Entertainment Network, Inc. ("AMI") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1555 Rittenhouse Circle, Bristol, Pennsylvania 19007.

11. On information and belief, Defendant Aristocrat Leisure Ltd. ("Aristocrat Ltd.") is a corporation organized and existing under the laws of Australia, having a principal place of business at Building A Pinnacle Office Park , 85 Epping Road, North Ryde, New South Wales 2113, Australia.

12. On information and belief, Defendant Aristocrat Technologies, Inc. ("Aristocrat Inc.") is a corporation organized and existing under the laws of Nevada, having a principal place of business at 230 Amigo Street, Las Vegas, Nevada 89119.

13. On information and belief, Defendant AutoComm, Inc. ("AutoComm") is a corporation organized and existing under the laws of Wisconsin, having a principal place of business at 1200 S. Lynndale Drive, Appleton, Wisconsin 54914.

14. On information and belief, Defendant Barco, N.V. ("Barco NV") is a corporation organized and existing under the laws of Belgium, having a principal place of business at Pres Kennedypark 35, BE-8500, Kortrijk, Belgium.

15. On information and belief, Defendant Barco, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 3059 Premier Parkway, Suite 100, Duluth, Georgia 30097.

3

16.     On information and belief, Defendant Barco Federal Systems, LLC ("Barco Federal") is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 3059 Premier Parkway, Suite 100, Duluth, Georgia 30097.

17.     On information and belief, Defendant Broadsign International, Inc. ("Broadsign") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 827 S. Bridgeway Place, Suite 110, Eagle, Idaho 83616-6097.

18.     On information and belief, Defendant C-nario, Ltd. ("C-nario Ltd.") is a corporation organized and existing under the laws of Israel, having a principal place of business at 15 Hagra Street, Tel-Aviv 66024, Israel.

19.     On information and belief, Defendant C-nario, Inc. ("C-nario Inc.") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 580 Broadway, Suite 608, New York, New York, 10012.

20.     On information and belief, Defendant Captivate Network, Inc. ("Captivate") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 2 Executive Drive, Suite 301, Chelmsford, Massachusetts 01824.

21.     On information and belief, Defendant Cayin Technology Co., Ltd. ("Cayin") is a corporation organized and existing under the laws of Taiwan, having a principal place of business at 8f, No. 577, Linsen N. Rd., Taipei City 104, Taiwan, R.O.C.

22.     On information and belief, Defendant D3 LED, LLC ("D3") is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 11492 Sunrise Gold Circle, Rancho Cordova, California 95742.

23.     On information and belief, Defendant Dynamax Technologies Ltd. ("Dynamax") is a corporation organized and existing under the laws of the United Kingdom, having a principal

4

place of business at 1 Evolution Park, Haslingden Road, Blackburn, Lancashire, BB1 2FD, United Kingdom.

24.    On information and belief, Defendant E-Cast, Inc. ("E-Cast") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 49 Geary Street, Mezzanine, San Francisco, California 94108.

25.    On information and belief, Defendant Helius, LLC ("Helius") is a corporation organized and existing under the laws of Utah, having a principal place of business at 333 South 520 West, Suite 330, Lindon, Utah, 84042.

26.    On information and belief, Defendant JCDecaux North America, Inc. ("JCDecaux NA") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 3 Park Avenue, 33rd Floor, New York, New York 10016.

27.    On information and belief, Defendant JCDecaux SA ("JCDecaux SA") is a corporation organized and existing under the laws of France, having a principal place of business at 17, rue Woyer, 92523 Neuilly-sur-Siene Cedex, France.

28.    On information and belief, Defendant Lamar Advertising Company ("Lamar Advertising") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 5551 Corporate Boulevard, Suite 2-A, Baton Rouge, Louisiana 70808.

29.    On information and belief, Defendant Lamar Media Corporation ("Lamar Media") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 5551 Corporate Boulevard, Suite 2-A, Baton Rouge, Louisiana 70808.

30.     On information and belief, Defendant LSI Industries, Inc. ("LSI") is a corporation organized and existing under the laws of Ohio, having a principal place of business at 10000 Alliance Road, Cincinnati, Ohio 45252.

31.     On information and belief, Defendant The MediaTile Company ("MediaTile") is a corporation organized and existing under the laws of Delaware, a principal place of business at 5900 Butler Lane, Scotts Valley, California 95066.

32.     On information and belief, Defendant Monster Media, LLC ("Monster Media") is a corporation organized and existing under the laws of Florida, having a principal place of business at 517 S. Lake Destiny Road, Suite 100, Orlando, Florida 32810.

33.     On information and belief, Defendant Omnivex Corporation ("Omnivex") is a corporation organized and existing under the laws of Canada, having a principal place of business at 3300 Highway 7, Suite 501, Concord, Ontario L4K 4M3, Canada.

34.     On information and belief, Defendant Opto Tech Corporation ("Opto Tech") is a corporation organized and existing under the laws of Taiwan, having a principal place of business at No 1 Li-hsin Road V, Hsinchu Science Park, Hsinchu 30078, Taiwan.

35.     On information and belief, Defendant Planar Systems, Inc. ("Planar") is a corporation organized and existing under the laws of Oregon, having a principal place of business at 1195 NW Compton Dr., Beaverton, Oregon 97006-1992.

36.     On information and belief, Defendant Premier Retail Networks, Inc. ("Premier Retail") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 600 Harrison Street, San Francisco, CA 94107.

6

37. On information and belief, Defendant Scala, Inc. ("Scala") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 350 Eagleview Boulevard, Suite 150, Exton, Pennsylvania, 19341.

38. On information and belief, Defendant Stratacache, Inc. ("Stratacache") is a corporation organized and existing under the laws of Ohio, having a principal place of business at 2 Emmet St., Suite 200, Dayton, Ohio 45405.

39. On information and belief, Defendant TiroMedia, LLC ("TiroMedia") a corporation organized and existing under the laws of Colorado, having a principal place of business at 16159 Hedgeway Drive, Parker, Colorado 80134.

40. On information and belief, Defendant Titan Outdoor Holdings, Inc. ("Titan") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 850 3rd Avenue, Second Floor, New York, New York 10022-6222.

41. On information and belief, Defendant Trans-Lux Corporation ("Trans-Lux Corp.") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 26 Pearl Street, Norwalk, Connecticut 06850.

42. On information and belief, Defendant Trans-Lux Midwest Corp. ("Trans-Lux Midwest") is a corporation organized and existing under the laws of Iowa, having a principal place of business at 1700 Delaware Avenue, Des Moines, Iowa 50317.

43. On information and belief, Defendant Trans-Lux Commercial ("Trans-Lux Comm.") is a corporation organized and existing under the laws of Iowa, having a principal place of business at 1700 Delaware Avenue, Des Moines, Iowa 50317.

44. On information and belief, Defendant WireSpring Technologies, Inc. ("WireSpring") is a corporation organized and existing under the laws of Florida, having a

7

principal place of business at 1901 West Cypress Creek Road , Suite 100, Fort Lauderdale, Florida 33309.

45.     On information and belief, Defendant YCD Multimedia, Inc. ("YCD") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 104 West 27th Street, 7th Floor, New York, New York 10001.

## THE '174 PATENT

46.     On May 3, 1994, United States Patent No. 5,309,174 ("the '174 patent") duly and legally issued to Loren S. Minkus.  The '174 patent is entitled "Electronic Display System."  A copy of the '174 patent is attached as Exhibit A.

47.     The '174 patent discloses a remotely controlled display system where messages are remotely sent to a display, such as an LED screen or digital display, and information regarding the display or message is provided back to the originating control location.  For example, information provided to the control location may be information about the status of the message or message medium, such as a billboard or display, or may be verification that the message was sent to the remote location for display purposes.

48.     Minkus EDS is the assignee and exclusive owner of all right, title and interest in and to the '174 patent and has the right to bring this suit for damages and other relief.  All rights under the '174 patent were transferred to Minkus EDS on June 7, 2010.

## BACKGROUND

49.     Digital display signs are ubiquitous today, but it was not always that way.  In recent years, digital signage has proven its unique effectiveness as a marketing tool, with a current market of well over $1 billion annually.  The digital signage market is also one of the fastest growing marketing channels, with many analysts projecting a market for digital signage worth well over $3 billion annually by 2011.

8

50.    One of the key advantages that digital signage holds over traditional static signs and billboards is the ability of a digital display system to remotely monitor the messages being displayed on the sign—or, indeed, to remotely monitor the sign itself—and to remotely update or change the messages. This highly advantageous and fundamental improvement in digital display systems was invented by Loren Minkus. In 1987, Mr. Minkus applied for and was granted a United States patent on his invention. Today, Mr. Minkus' invention is used in the vast majority of digital signage in this country.



51.    The image above demonstrate one of the many applications of digital signage— digital billboard advertising at John F. Kennedy Airport on digital signs supplied by Defendants JCDecaux NA and C-nario.

52.    Inventor Loren Minkus is a longtime employee of Motorola, Inc., the world leader in two-way radio frequency (RF) technology. Mr. Minkus developed the inventions embodied in the '174 patent while working at Motorola in the strategic planning and marketing department of Motorola's two-way RF division. His understanding of the potential applications for RF technology led him to conceive of the inventions of the '174 patent.

53.    In fact, Mr. Minkus conceived of his invention while driving with his family from their home in Chicago to Florida for vacation.  While looking at billboards along the highway, he realized that a digital sign with the ability to monitor the sign and to control and change the messages on the sign from a remote location would be a quantum leap forward in the billboard and signage industry, because it would allow the operator of the billboard or sign to update and correct information on a digital sign from a remote location, rather than having to physically change the billboard.  The result of his brilliant idea was the '174 patent.

54.    Over the years, digital signage became increasingly more popular, and the vast majority of those systems used—and still use—the invention of the '174 patent.  All of the companies that grew and profited from the inventions of the '174 patent did so without authority under the '174 patent.

55.    On information and belief, each of the Defendants has made, used, sold, offered for sale and/or imported digital signage systems, products, and/or components that practice the claims of the '174 patent, as set forth more fully below.

## COUNT ONE

### Infringement of the '174 Patent by Defendant AMS

56.    Minkus EDS incorporates by reference each of the allegations set forth above.

57.    On information and belief, Defendant AMS, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to Alpha Sign Systems with AlphaNET software, and Alpha Signs.

58.    On information and belief, Defendant AMS, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by

10

intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

59.    On information and belief, Defendant AMS, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant AMS knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

60.    Defendant AMS had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant AMS of the '174 patent under 35 U.S.C. § 287.

61.    As result of the infringement of the '174 patent by Defendant AMS, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWO

### Infringement of the '174 Patent by Defendant ADT

62.    Minkus EDS incorporates by reference each of the allegations set forth above.

63.    On information and belief, Defendant ADT, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the ADTI SkyNet and ADTI Media SkyNet Diagnostics, Monitoring Agent and Content Player software.

64.    On information and belief, Defendant ADT, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by

11

intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

65. On information and belief, Defendant ADT, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant ADT knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

66. Defendant ADT had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant ADT of the '174 patent under 35 U.S.C. § 287.

67. As result of the infringement of the '174 patent by Defendant ADT, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT THREE

### Infringement of the '174 Patent by Defendant ADTI

68. Minkus EDS incorporates by reference each of the allegations set forth above.

69. On information and belief, Defendant ADTI, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the ADTI SkyNet and ADTI Media SkyNet Diagnostics, Monitoring Agent and Content Player software.

70. On information and belief, Defendant ADTI, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by

12

intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

71.     On information and belief, Defendant ADTI, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant ADTI knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

72.     Defendant ADTI had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant ADTI of the '174 patent under 35 U.S.C. § 287.

73.     As result of the infringement of the '174 patent by Defendant ADTI, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT FOUR

### Infringement of the '174 Patent by Defendant AMI

74.     Minkus EDS incorporates by reference each of the allegations set forth above.

75.     On information and belief, Defendant AMI, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the AMI Entertainment Network, AMI Megatouch Systems, AMI Entertainment Megatouch AMI Access and AMI Entertainment Megatouch Remote Diagnostics.

76.     On information and belief, Defendant AMI, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by

13

intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

77.     On information and belief, Defendant AMI, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant AMI knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

78.     Defendant AMI had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant AMI of the '174 patent under 35 U.S.C. § 287.

79.     As result of the infringement of the '174 patent by Defendant AMI, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT FIVE**

**Infringement of the '174 Patent by Aristocrat Ltd.**

80.     Minkus EDS incorporates by reference each of the allegations set forth above.

81.     On information and belief, Defendant Aristocrat Ltd., without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Oasis 360 Casino Management System, Sentinel Assembly, Sentinel III, Electronic Gaming Machine with Sentinel Assembly, and SpeedMedia.

82.     On information and belief, Defendant Aristocrat Ltd., without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. §

14

271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

83.    On information and belief, Defendant Aristocrat Ltd., without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Aristocrat Ltd. knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

84.    Defendant Aristocrat Ltd. had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant Aristocrat Ltd. of the '174 patent under 35 U.S.C. § 287.

85.    As result of the infringement of the '174 patent by Defendant Aristocrat Ltd., Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT SIX

### Infringement of the '174 Patent by Defendant Aristocrat Inc.

86.    Minkus EDS incorporates by reference each of the allegations set forth above.

87.    On information and belief, Defendant Aristocrat Inc., without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Oasis 360 Casino Management System, Sentinel Assembly, Sentinel III, Electronic Gaming Machine with Sentinal Assembly, and SpeedMedia.

88.    On information and belief, Defendant Aristocrat Inc., without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. §

15

271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

89.    On information and belief, Defendant Aristocrat Inc., without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Aristocrat Inc. knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

90.    Defendant Aristocrat Inc. had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant Aristocrat Inc. of the '174 patent under 35 U.S.C. § 287.

91.    As result of the infringement of the '174 patent by Defendant Aristocrat Inc., Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT SEVEN

### Infringement of the '174 Patent by Defendant AutoComm

92.    Minkus EDS incorporates by reference each of the allegations set forth above.

93.    On information and belief, Defendant AutoComm, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Alpha Sign System, including AutoComm's Web-Based Solution and Local Solution digital signage.

94.    On information and belief, Defendant AutoComm, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by

16

intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

95.     On information and belief, Defendant AutoComm, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant AutoComm knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

96.     Defendant AutoComm had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant AutoComm of the '174 patent under 35 U.S.C. § 287.

97.     As result of the infringement of the '174 patent by Defendant AutoComm, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT EIGHT

### Infringement of the '174 Patent by Defendant Barco NV

98.     Minkus EDS incorporates by reference each of the allegations set forth above.

99.     On information and belief, Defendant Barco NV, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Barco Display System with Remote Management Software.

100.    On information and belief, Defendant Barco NV, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by

intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

101.    On information and belief, Defendant Barco NV, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Barco NV knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

102.    Defendant Barco NV had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant Barco NV of the '174 patent under 35 U.S.C. § 287.

103.    As result of the infringement of the '174 patent by Defendant Barco NV, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT NINE

### Infringement of the '174 Patent by Defendant Barco Inc.

104.    Minkus EDS incorporates by reference each of the allegations set forth above.

105.    On information and belief, Defendant Barco Inc., without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Barco Display System with Remote Management Software.

106.    On information and belief, Defendant Barco Inc., without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by

18

intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

107. On information and belief, Defendant Barco Inc., without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Barco Inc. knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

108. Defendant Barco Inc. had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant Barco Inc. of the '174 patent under 35 U.S.C. § 287.

109. As result of the infringement of the '174 patent by Defendant Barco Inc., Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TEN

### Infringement of the '174 Patent by Defendant Barco Federal

110. Minkus EDS incorporates by reference each of the allegations set forth above.

111. On information and belief, Defendant Barco Federal, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Barco Display System with Remote Management Software.

112. On information and belief, Defendant Barco Federal, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. §

19

271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

113.    On information and belief, Defendant Barco Federal, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Barco Federal knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

114.    Defendant Barco Federal had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant Barco Federal of the '174 patent under 35 U.S.C. § 287.

115.    As result of the infringement of the '174 patent by Defendant Barco Federal, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

COUNT ELEVEN

Infringement of the '174 Patent by Defendant Broadsign

116.    Minkus EDS incorporates by reference each of the allegations set forth above.

117.    On information and belief, Defendant Broadsign, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the BroadSign Digital Signage Network, BroadSign Suite, BroadSign Player Software, BroadSign Server, BroadSign Edge Server, and BroadSign Administrator.

20

118.    On information and belief, Defendant Broadsign, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

119.    On information and belief, Defendant Broadsign, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Broadsign knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

120.    Defendant Broadsign had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant Broadsign of the '174 patent under 35 U.S.C. § 287.

121.    As result of the infringement of the '174 patent by Defendant Broadsign, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWELVE

### Infringement of the '174 Patent by Defendant C-nario Ltd.

122.    Minkus EDS incorporates by reference each of the allegations set forth above.

123.    On information and belief, Defendant C-nario Ltd., without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the C-nario End-to-End Solutions, C-nario Cube, C-nario Advertiser,

21

C-nario Seamless Projection, C-nario Messenger, C-nario digital signage displays, C-nario Entertainer, and C-Sign.

124.    On information and belief, Defendant C-nario Ltd., without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

125.    On information and belief, Defendant C-nario Ltd., without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant C-nario Ltd. knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

126.    Defendant C-nario Ltd. had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant C-nario Ltd. of the '174 patent under 35 U.S.C. § 287.

127.    As result of the infringement of the '174 patent by Defendant C-nario Ltd., Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT THIRTEEN

#### Infringement of the '174 Patent by Defendant C-nario Inc.

128.    Minkus EDS incorporates by reference each of the allegations set forth above.

129.    On information and belief, Defendant C-nario Inc., without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products,

22

including but not limited to the C-nario End-to-End Solutions, C-nario Cube, C-nario Advertiser, C-nario Seamless Projection, C-nario Messenger, C-nario digital signage displays, C-nario Entertainer, and C-Sign.

130.     On information and belief, Defendant C-nario Inc., without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

131.     On information and belief, Defendant C-nario Inc., without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant C-nario Inc. knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

132.     Defendant C-nario Inc. had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant C-nario Inc. of the '174 patent under 35 U.S.C. § 287.

133.     As result of the infringement of the '174 patent by Defendant C-nario Inc., Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT FOURTEEN

### Infringement of the '174 Patent by Defendant Captivate

134.     Minkus EDS incorporates by reference each of the allegations set forth above.

135.     On information and belief, Defendant Captivate, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by

importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Captivate Office Tower Network and Captivate Suburban Network.

136.    On information and belief, Defendant Captivate, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

137.    On information and belief, Defendant Captivate, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Captivate knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

138.    Defendant Captivate had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant Captivate of the '174 patent under 35 U.S.C. § 287.

139.    As result of the infringement of the '174 patent by Defendant Captivate, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT FIFTEEN

### Infringement of the '174 Patent by Defendant Cayin

140.    Minkus EDS incorporates by reference each of the allegations set forth above.

141.    On information and belief, Defendant Cayin, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by

24

importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Cayin Digital Signage Solution, Cayin Media Player, Cayin SuperMonitor 3 and Cayin SuperReporter 2.

142.    On information and belief, Defendant Cayin, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

143.    On information and belief, Defendant Cayin, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Cayin knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

144.    Defendant Cayin had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant Cayin of the '174 patent under 35 U.S.C. § 287.

145.    As result of the infringement of the '174 patent by Defendant Cayin, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT SIXTEEN**

**Infringement of the '174 Patent by Defendant D3**

146.    Minkus EDS incorporates by reference each of the allegations set forth above.

147.    On information and belief, Defendant D3, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products,

including but not limited to the D3 TrueElement Outdoor LED Display, True Element Control System, and True Element Module.

148.    On information and belief, Defendant D3, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

149.    On information and belief, Defendant D3, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant D3 knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

150.    Defendant D3 LED had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant D3 of the '174 patent under 35 U.S.C. § 287.

151.    As result of the infringement of the '174 patent by Defendant D3, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT SEVENTEEN

### Infringement of the '174 Patent by Defendant Dynamax

152.    Minkus EDS incorporates by reference each of the allegations set forth above.

153.    On information and belief, Defendant Dynamax, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products,

26

including but not limited to the Dynamax POV digital signage solution, Dynamax POV System, POV Enterprise Server, and POV Player.

154. On information and belief, Defendant Dynamax, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

155. On information and belief, Defendant Dynamax, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Dynamax knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

156. Defendant Dynamax had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant Dynamax of the '174 patent under 35 U.S.C. § 287.

157. As result of the infringement of the '174 patent by Defendant Dynamax, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT EIGHTEEN

#### Infringement of the '174 Patent by Defendant E-Cast

158. Minkus EDS incorporates by reference each of the allegations set forth above.

159. On information and belief, Defendant E-Cast, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products,

27

including but not limited to the E-Cast Network Solution, Ecast Media Network, and Ecast Multimedia Jukebox.

160. On information and belief, Defendant E-Cast, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

161. On information and belief, Defendant E-Cast, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant E-Cast knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

162. Defendant E-Cast had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant E-Cast of the '174 patent under 35 U.S.C. § 287.

163. As result of the infringement of the '174 patent by Defendant E-Cast, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT NINETEEN

### Infringement of the '174 Patent by Defendant Helius

164. Minkus EDS incorporates by reference each of the allegations set forth above.

165. On information and belief, Defendant Helius, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products,

including but not limited to the Helius digital signage network, including the Helius MediaSignage software, Helius MediaGate Router, Helius MediaGate server, Helius MediaStream SST playback device, and Helius MediaWrite Software.

166.    On information and belief, Defendant Helius, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

167.    On information and belief, Defendant Helius, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Helius knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

168.    Defendant Helius had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant Helius of the '174 patent under 35 U.S.C. § 287.

169.    As result of the infringement of the '174 patent by Defendant Helius, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWENTY

### Infringement of the '174 Patent by Defendant JC Decaux NA

170.    Minkus EDS incorporates by reference each of the allegations set forth above.

171.    On information and belief, Defendant JC Decaux NA, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing

products, including but not limited to the C-nario End-to-End Solutions, C-nario Cube, C-nario Advertiser, C-nario Seamless Projection, C-nario Messenger, C-nario digital signage displays, C-nario Entertainer, C-Sign, and the Monster Kiosk and Monster Floor display systems.

172. On information and belief, Defendant JC Decaux NA, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

173. On information and belief, Defendant JC Decaux NA, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant JC Decaux NA knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

174. Defendant JC Decaux NA had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant JC Decaux NA of the '174 patent under 35 U.S.C. § 287.

175. As result of the infringement of the '174 patent by Defendant JC Decaux NA, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT TWENTY-ONE

### Infringement of the '174 Patent by Defendant JC Decaux SA

176. Minkus EDS incorporates by reference each of the allegations set forth above.

177. On information and belief, Defendant JC Decaux SA, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at

least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the C-nario End-to-End Solutions, C-nario Cube, C-nario Advertiser, C-nario Seamless Projection, C-nario Messenger, C-nario digital signage displays, C-nario Entertainer, C-Sign, and the Monster Kiosk and Monster Floor display systems.

178.    On information and belief, Defendant JC Decaux SA, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

179.    On information and belief, Defendant JC Decaux SA, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant JC Decaux SA knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

180.    Defendant JC Decaux SA had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant JC Decaux of the '174 patent under 35 U.S.C. § 287.

181.    As result of the infringement of the '174 patent by Defendant JC Decaux SA, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWENTY-TWO

### Infringement of the '174 Patent by Defendant Lamar Advertising

182.    Minkus EDS incorporates by reference each of the allegations set forth above.

183.    On information and belief, Defendant Lamar Advertising, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Lamar Digital Display network, Lamar Digital Display, and Lamar Digital Networks Operations Center.

184.    On information and belief, Defendant Lamar Advertising, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

185.    On information and belief, Defendant Lamar Advertising, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Lamar Advertising knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

186.    Defendant Lamar Advertising had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant Lamar Advertising of the '174 patent under 35 U.S.C. § 287.

187.    As result of the infringement of the '174 patent by Defendant Lamar Advertising, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT TWENTY-THREE**

**Infringement of the '174 Patent by Defendant Lamar Media**

188.    Minkus EDS incorporates by reference each of the allegations set forth above.

32

189.    On information and belief, Defendant Lamar Media, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Lamar Digital Display network, Lamar Digital Display, and Lamar Digital Networks Operations Center.

190.    On information and belief, Defendant Lamar Media, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

191.    On information and belief, Defendant Lamar Media, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Lamar Media knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

192.    Defendant Lamar Media had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant Lamar Media of the '174 patent under 35 U.S.C. § 287.

193.    As result of the infringement of the '174 patent by Defendant Lamar Media, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT TWENTY-FOUR

### Infringement of the '174 Patent by Defendant LSI

194.    Minkus EDS incorporates by reference each of the allegations set forth above.

195.    On information and belief, Defendant LSI, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the LSI SmartVision LED Video Display, LSI SmartVision Content Management Software, and LSI SmartVision Video Processor.

196.    On information and belief, Defendant LSI, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

197.    On information and belief, Defendant LSI, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant LSI knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

198.    Defendant LSI had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant LSI of the '174 patent under 35 U.S.C. § 287.

199.    As result of the infringement of the '174 patent by Defendant LSI, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWENTY-FIVE

### Infringement of the '174 Patent by Defendant MediaTile

200.    Minkus EDS incorporates by reference each of the allegations set forth above.

34

201.    On information and belief, Defendant MediaTile, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the The MediaTile Company Mediacast system, MediaTile Component Player, and Mediacast Player Software.

202.    On information and belief, Defendant MediaTile, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

203.    On information and belief, Defendant MediaTile, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant MediaTile knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

204.    Defendant MediaTile had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant MediaTile of the '174 patent under 35 U.S.C. § 287.

205.    As result of the infringement of the '174 patent by Defendant MediaTile, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT TWENTY-SIX

### Infringement of the '174 Patent by Defendant Monster Media

206.    Minkus EDS incorporates by reference each of the allegations set forth above.

35

207.    On information and belief, Defendant Monster Media, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Monster Kiosk display system and Monster Floor display system.

208.    On information and belief, Defendant Monster Media, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

209.    On information and belief, Defendant Monster Media, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Monster Media knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

210.    Defendant Monster Media had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant Monster Media of the '174 patent under 35 U.S.C. § 287.

As result of the infringement of the '174 patent by Defendant Monster Media, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT TWENTY-SEVEN

### Infringement of the '174 Patent by Defendant Omnivex

211.    Minkus EDS incorporates by reference each of the allegations set forth above.

212.    On information and belief, Defendant Omnivex, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Omnivex display system, Omnivex Control 4, Omnivex Control Player, Omnivex Control Director and Server, and Omnivex DataPipe.

213.    On information and belief, Defendant Omnivex, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

214.    On information and belief, Defendant Omnivex, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Omnivex knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

215.    Defendant Omnivex had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant Omnivex of the '174 patent under 35 U.S.C. § 287.

As result of the infringement of the '174 patent by Defendant Omnivex, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWENTY-EIGHT

### Infringement of the '174 Patent by Defendant Opto Tech

216.    Minkus EDS incorporates by reference each of the allegations set forth above.

217.    On information and belief, Defendant Opto Tech, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the OptoTech LED Display Systems, OptoTech Edit PC, OptoTech Play PC, OptoTech Remote control software for Edit PC, and OptoTech Remote control software for Play PC.

218.    On information and belief, Defendant Opto Tech, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

219.    On information and belief, Defendant Opto Tech, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Opto Tech knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

220.    Defendant Opto Tech had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant Opto Tech of the '174 patent under 35 U.S.C. § 287.

As result of the infringement of the '174 patent by Defendant Opto Tech, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWENTY-NINE

### Infringement of the '174 Patent by Defendant Planar

221.    Minkus EDS incorporates by reference each of the allegations set forth above.

222.    On information and belief, Defendant Planar, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Planar Indisys system, Indisys In-Cube Processor, Indisys Image Master and Indisys Management Suite.

223.    On information and belief, Defendant Planar, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

224.    On information and belief, Defendant Planar, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Planar knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

225.    Defendant Planar had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant Planar of the '174 patent under 35 U.S.C. § 287.

As result of the infringement of the '174 patent by Defendant Planar, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

39

## COUNT THIRTY

### Infringement of the '174 Patent by Defendant Premier Retail

226.    Minkus EDS incorporates by reference each of the allegations set forth above.

227.    On information and belief, Defendant Premier Retail, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Premier Retail Networks (PRN) TV Wall Network Solution and PRN Platform.

228.    On information and belief, Defendant Premier Retail, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

229.    On information and belief, Defendant Premier Retail, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Premier Retail knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

230.    Defendant Premier Retail had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant Premier Retail of the '174 patent under 35 U.S.C. § 287.

As result of the infringement of the '174 patent by Defendant Premier Retail, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

40

## COUNT THIRTY-ONE

### Infringement of the '174 Patent by Defendant Scala

231.    Minkus EDS incorporates by reference each of the allegations set forth above.

232.    On information and belief, Defendant Scala, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Scala Digital Signage Network, Scala Player and Scala Content Manager.

233.    On information and belief, Defendant Scala, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

234.    On information and belief, Defendant Scala, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Scala knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

235.    Defendant Scala had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant Scala of the '174 patent under 35 U.S.C. § 287.

As result of the infringement of the '174 patent by Defendant Scala, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

41

## COUNT THIRTY-TWO

### Infringement of the '174 Patent by Defendant Stratacache

236.    Minkus EDS incorporates by reference each of the allegations set forth above.

237.    On information and belief, Defendant Stratacache, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Stratacache Spectra Pop-touch and Stratacache ActiVia SaaS.

238.    On information and belief, Defendant Stratacache, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

239.    On information and belief, Defendant Stratacache, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Stratacache knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

240.    Defendant Stratacache had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant Stratacache of the '174 patent under 35 U.S.C. § 287.

As result of the infringement of the '174 patent by Defendant Stratacache, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT THIRTY-THREE

### Infringement of the '174 Patent by Defendant TiroMedia

241.    Minkus EDS incorporates by reference each of the allegations set forth above.

242.    On information and belief, Defendant TiroMedia, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the TiroMedia Digital Advertising System, TiroMedia Content Management System and TMP N6 Media Player.

243.    On information and belief, Defendant TiroMedia, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

244.    On information and belief, Defendant TiroMedia, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant TiroMedia knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

245.    Defendant TiroMedia had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant TiroMedia of the '174 patent under 35 U.S.C. § 287.

As result of the infringement of the '174 patent by Defendant TiroMedia, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

43

## COUNT THIRTY-FOUR

### Infringement of the '174 Patent by Defendant Titan

246.    Minkus EDS incorporates by reference each of the allegations set forth above.

247.    On information and belief, Defendant Titan, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Titan Digital King, Titan Platform Screen, Titan Gate Board and Titan Digital Wall.

248.    On information and belief, Defendant Titan, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

249.    On information and belief, Defendant Titan, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Titan knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

250.    Defendant Titan had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant Titan of the '174 patent under 35 U.S.C. § 287.

251.    As result of the infringement of the '174 patent by Defendant Titan, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT THIRTY-FIVE

### Infringement of the '174 Patent by Defendant Trans-Lux Corp.

252.    Minkus EDS incorporates by reference each of the allegations set forth above.

253.    On information and belief, Defendant Trans-Lux Corp., without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Trans-Lux Pro-line controllers in conjunction with their Outdoor Displays.

254.    On information and belief, Defendant Trans-Lux Corp., without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

255.    On information and belief, Defendant Trans-Lux Corp., without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Trans-Lux Corp.knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

256.    Defendant Trans-Lux Corp.had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant Trans-Lux Corp.of the '174 patent under 35 U.S.C. § 287.

257.    As result of the infringement of the '174 patent by Defendant Trans-Lux Corp., Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT THIRTY-SIX

### Infringement of the '174 Patent by Defendant Trans-Lux Midwest

258.    Minkus EDS incorporates by reference each of the allegations set forth above.

259.    On information and belief, Defendant Trans-Lux Midwest, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Trans-Lux Pro-line controllers in conjunction with their Outdoor Displays.

260.    On information and belief, Defendant Trans-Lux Midwest, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

261.    On information and belief, Defendant Trans-Lux Midwest, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Trans-Lux Midwest knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

262.    Defendant Trans-Lux Midwest had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant Trans-Lux Midwest of the '174 patent under 35 U.S.C. § 287.

46

263.    As result of the infringement of the '174 patent by Defendant Trans-Lux Midwest, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT THIRTY-SEVEN

### Infringement of the '174 Patent by Defendant Trans-Lux Comm.

264.    Minkus EDS Minkus EDS incorporates by reference each of the allegations set forth above.

265.    On information and belief, Defendant Trans-Lux Comm., without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the Trans-Lux Pro-line controllers in conjunction with their Outdoor Displays.

266.    On information and belief, Defendant Trans-Lux Comm., without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

267.    On information and belief, Defendant Trans-Lux Comm., without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant Trans-Lux Comm. knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

47

268.    Defendant Trans-Lux Comm. had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant Trans-Lux Comm. of the '174 patent under 35 U.S.C. § 287.

269.    As result of the infringement of the '174 patent by Defendant Trans-Lux Comm., Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT THIRTY-EIGHT**

**Infringement of the '174 Patent by Defendant WireSpring**

270.    Minkus EDS incorporates by reference each of the allegations set forth above.

271.    On information and belief, Defendant WireSpring, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the WireSpring FireCast system, FireCast Media Appliance and FireCast Status Monitor.

272.    On information and belief, Defendant WireSpring, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

273.    On information and belief, Defendant WireSpring, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant WireSpring knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

274.    Defendant WireSpring had actual notice of infringement of the '174 patent before the filing of this complaint.  The filing of this complaint also constitutes notice to Defendant WireSpring of the '174 patent under 35 U.S.C. § 287.

275.    As result of the infringement of the '174 patent by Defendant WireSpring, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT THIRTY-NINE**

**Infringement of the '174 Patent by Defendant YCD**

276.    Minkus EDS incorporates by reference each of the allegations set forth above.

277.    On information and belief, Defendant YCD, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the YCD End-to End Solution, the YCD Player, YCD Platform, YCD Content Distribution Server.

278.    On information and belief, Defendant YCD, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.

279.    On information and belief, Defendant YCD, without authority, has contributorily infringed and continues to contributorily infringe, under 35 U.S.C. § 271(c), by importing into the United States, selling and/or offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant YCD knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

49

280.    Defendant YCD had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant YCD of the '174 patent under 35 U.S.C. § 287.

281.    As result of the infringement of the '174 patent by Defendant YCD, Minkus EDS has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Minkus EDS requests that judgment be entered:

1.    That Minkus EDS be adjudged the owner of the '174 patent and entitled to all rights of recovery thereunder, and that the '174 patent is valid and enforceable;

2.    That Defendants be adjudged to have directly infringed, induced infringement and contributed to infringement of the '174 patent;

3.    That Minkus EDS be awarded damages under 35 U.S.C. § 284 adequate to compensate it for Defendants' infringement of the '174 patent in an amount to be proven at trial, together with interest and costs as fixed by the Court;

4.    That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Minkus EDS be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action;

5.    That Minkus EDS be awarded prejudgment interest; and

6.    For such other and further equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all claims so triable.

OF COUNSEL:                                          POTTER ANDERSON & CORROON LLP

Sean C. Cunningham
John D. Kinton                                       By:    /s/ Richard L. Horwitz
Brian M. Fogarty                                            Richard L. Horwitz (#2246)
Erin P. Gibson                                             David E. Moore (#3983)
Tiffany C. Miller                                          Hercules Plaza, 6th Floor
Megan M. McCarthy                                          1313 N. Market Street
DLA PIPER LLP (US)                                         Wilmington, DE  19801
401 B Street, Suite 1700                                   Tel:  (302) 984-6000
San Diego, CA 92101-4297                                   rhorwitz@potteranderson.com
Tel:  (619) 699-2900                                       dmoore@potteranderson.com

Dated: August 9, 2010                                *Attorneys for Plaintiff*
977765 / 35908                                       *Minkus Electronic Display Systems Inc.*

51