IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MINKUS ELECTRONIC DISPLAY SYSTEMS INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 10-666-SLR |
| ADAPTIVE MICRO SYSTEMS LLC, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM ORDER**

At Wilmington this 16th day of March, 2011, having considered defendants' (Stratacache, Inc., CS Software Holdings, LLC, JCDecaux North America Inc., Monster Media LLC, YCD Multimedia, Inc., Barco Federal Systems, LLC, Barco Inc., Lamar Advertising Company, Lamar Media Corporation, Richardson Electronics, LTD, D3LED, LLC, Premier Retail Networks, Inc., Scala, Inc., and AMI Entertainment Network, Inc. (collectively, "defendants")) motions to dismiss for failure to state a claim, as well as the papers filed in connection therewith;

IT IS ORDERED that said motions (D.I. 77; D.I. 148; D.I. 151; D.I. 173; D.I. 191; D.I. 198; D.I. 200; D.I. 218; D.I. 239) are granted, as follows:

1. **Introduction.** Plaintiff Minkus Electronic Display Systems Inc. ("Minkus") filed the present patent litigation against 50 parties on August 9, 2010. (D.I. 1) Minkus filed an amended complaint on September 24, 2010, seeking damages for defendants'

alleged infringement of United States Patent No. 5,309,174, entitled "Electronic Display System" ("the '174 patent"). (D.I. 7 at ¶ 57) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. **Background.** The '174 patent issued to Loren S. Minkus on May 3, 1994 (D.I. 7 at ¶ 57), and was subsequently assigned to Minkus Electronic Display Systems on June 7, 2010. (*Id.* at ¶ 59) The '174 patent discloses "a remotely controlled display system where messages are remotely sent to a display such as an LED screen or digital display, and information regarding the display or message is provided back to the originating control location." (*Id.* at ¶ 58) The "information provided to the control location may be information about the status of the message or message medium, . . . or may be verification that the message was sent to the report location for display purposes. (*Id.*)

3. Plaintiff's complaint repeats the same allegations of infringement for each defendant, changing only defendant's name and what products allegedly infringe. The following is illustrative of plaintiff's allegations:

> 74. On information and belief, Defendant ADT, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a) the '174 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to the ADTI SkyNet and ADTI Media SkyNet Diagnostics, Monitoring Agent and Content Player software.
> 75. On information and belief, Defendant ADT, without authority, has actively induced and continues to actively induce infringement by others, under 35 U.S.C. § 271(b), by intentionally causing others to directly infringe the '174 patent and/or by intentionally instructing others how to use the infringing products.
> 76. On information and belief, Defendant ADT, without authority, has contributorily infringed and continues to contributorily infringe, under 35. U.S.C. § 271(c) by importing into the United States, selling and/or

2

offering to sell within the United States infringing products that (1) constitute a material part of the invention of the '174 patent, (2) Defendant ADT knows to be especially adapted for use in infringing the '174 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '174 patent.

77. Defendant ADT had actual notice of infringement of the '174 patent before the filing of this complaint. The filing of this complaint also constitutes notice to Defendant ADT of the '174 patent under 35 U.S.C. § 287.

(D.I. 7 at ¶¶ 74-77)

4. **Legal Standard.** In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

3

1950 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*[1]

5. **Discussion.** Defendants argue that plaintiff has failed to satisfy the pleading requirements for indirect infringement. (D.I. 78)[2] Specifically, defendants argue that plaintiff's allegations fail to allege facts sufficient to establish that: (1) any third party infringed the '174 patent prior to the filing of the first amended complaint as a result of any acts by defendants; (2) any specific product that is not capable of substantial non-infringing use was sold by defendants prior to the filing of the first amended complaint; and (3) defendants possessed the requisite knowledge and intent to indirectly infringe the '174 patent at the time of the alleged infringement.[3]

6. Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." "To demonstrate inducement of infringement, the patentee must establish 'first that there has been direct infringement, and second that

---

[1] The court recognizes that the *Twombly/Iqbal* pleading standard is met by the sample complaint for direct infringement set forth by the Federal Rules of Civil Procedure Form 18. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007); *Eidos Commc'ns, LLC v. Skype Techs SA*, Civ. No. 09-234, 2010 WL 4642062, at *2 (D. Del. Nov. 9, 2010).

[2] Defendants' arguments are largely duplicative, and some defendants incorporate the arguments found in their co-defendants' briefs. Therefore, the court will only cite to one defendant's briefs.

[3] Plaintiff's argument that defendants waived their ability to challenge plaintiff's indirect infringement claims under Rule 12(b)(6) is a *non sequitur*. Even if defendants waived their right to bring a motion for failure to state a claim under Rule 12(b)(6), they can still bring the same motion under Rule 12(c). Fed. R. Civ. P. 12(h)(2)(B). As the Third Circuit has stated, the standard of review for a motion to dismiss is the same whether brought under Rule 12(b)(6) or Rule 12(c). *Bangura v. City of Philadelphia*, 338 Fed. Appx. 261, 264 (3d Cir. 2009). Therefore, defendants' error, if any, is negligible, and the court will address their motions.

the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 335 (D. Del. Aug. 20, 2009) (citing *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008)); *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). As such, a complaint stating a claim for inducement must allege the requisite knowledge and intent. *Mallinckrodt v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009).

7. For contributory infringement, an infringer must sell, offer to sell or import into the United States a component of an infringing product "knowing [the component] to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use." 37 U.S.C. § 271(c); *see Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009). Therefore, an allegation of contributory infringement must also plead requisite knowledge of the patent-in-suit at the time of infringement. *Mallinckrodt*, 670 F. Supp. 2d at 355.

8. Plaintiff need not plead that a specific third party directly infringes the patent-in-suit in order to state a claim for indirect infringement. *ResQNet.com, Inc. v. Lansa, Inc.*, 533 F. Supp. 2d 397, 412 (S.D.N.Y. 2008) (finding that indirect infringement can be proven by circumstantial evidence such as dissemination of instructions), *rev'ed in part on other grounds*, 594 F.3d 860 (Fed. Cir. 2010). Consistent with this court's stranger-originated life insurance opinions, identifying third parties who participated in allegedly infringing activities is a proper question for discovery. *Lincoln Nat. Life Ins. Co. v.*

*Joseph Schlanger 2006 Ins. Trust,* Civ. No. 09-506, 2010 WL 2898315, at *8 (D. Del. Jul. 20, 2010). *See also Lincoln Nat. Life Ins. Co. v. Schwartz,* Civ. No. 09-3361, 2010 WL 3283550, at *8 (D.N.J. Aug. 18, 2010).

9. Similarly, plaintiff has sufficiently identified products that are not capable of substantial non-infringing uses to state a claim for contributory infringement. Given Form 18's liberal pleading requirements which allow plaintiff to plead that entire product categories infringe the patent-in-suit, plaintiff's identification of specific products that directly infringe satisfies the requirement that some part or product contributorily infringe. *See generally FotoMedia Techs., LLC v. AOL, LLC,* Civ. No. 07-255, 2008 WL 4135906, at *2 (E.D. Tex. Aug. 29, 2008).

10. However, plaintiff failed to plead facts sufficient to plausibly demonstrate defendants' knowledge of the '174 patent. Plaintiff's allegations of knowledge were merely that "[d]efendant[s] [] had actual notice of infringement of the '174 patent before the filing of this complaint"[4] and that, for contributory infringement, defendants make, use, sell, or import components "[d]efendant[s] know to be especially adapted for use in infringing the '174 patent." Like the complaint that this court dismissed in *Xpoint Techs. v. Microsoft Corp.,* 730 F. Supp. 2d 349, 357 (D. Del. 2010), "plaintiff at bar fails to allege sufficient facts that would allow the court to infer that [defendants] had any knowledge of the ['174] patent at the time they were committing the allegedly infringing

---

[4] Plaintiff did not specify in its complaint how defendants were notified of their alleged infringement of the '174 patent.

activities. Instead, it resorts to a mere recitation of the elements for indirect infringement, which is insufficient."

11. Complaints that the court has found to satisfy the requirements for pleading knowledge contained a specific allegation of defendants' knowledge. For example, in *Xpoint Techs*, the court declined to dismiss the complaint against defendant HP because plaintiff pled that HP's predecessor learned of the patent-in-suit from an exchange of proprietary information with plaintiff made pursuant to a materials licence agreement. (*Id.* at 357) Similarly, in *Mallinckrodt Inc. v. E-Z-EM, Inc.*, 671 F. Supp 2d 563, 569 (D. Del. 2009), plaintiff alleged defendant knew of the patents-in-suit as evidenced by papers that defendant filed with the United States Patent and Trademark Office identifying said patents as prior art. Here, plaintiff has made no such showing, and its statements of defendants' knowledge are insufficient to state a claim.

12. **Conclusion.** For the foregoing reasons, the court grants defendants' motions to dismiss for failure to state a claim, to the following extent. Given that all defendants will be deemed to have knowledge of the '174 patent as of the date the complaint was filed, and given that the only consequence (I believe) of this decision is limiting plaintiff's damages to the period dating from a defendant's first knowledge of the '174 patent, the court will so limit plaintiff's damages as to each defendant unless plaintiff chooses to amend its complaint to allege sufficient facts as to an individual defendant's knowledge.

_____
United States District Judge